UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV409-J

SHARON Y. JORDAN                                                                   PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                  DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Sharon Jordan ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On August 31, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of June 20, 2003. After a hearing, Administrative Law Judge William G. Reamon ("ALJ") determined that claimant's bilateral carpal tunnel syndrome, bilateral shoulder pain, degenerative disc disease of the cervical spine, depression, and anxiety were severe impairments, but that they did not prevent her from performing her past relevant work as a timekeeper. This became the final decision of the Defendant when the Appeals Council denied review on June 17, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the Commissioner erred in evaluating the credibility of her testimony. It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;

    3)      Precipitating and aggravating factors;

    4)      The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

    5)      Treatment, other than medication, received for relief of pain or other symptoms;

    6)      Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

    7)      Other factors concerning functional limitations and restrictions due to pain or other symptoms.

In evaluating Ms. Jordan's credibility regarding her physical complaints, the ALJ pointed to her conservative treatment (physical therapy, trigger point release) following her May 2003 vehicle accident. Tr. 20. After several months of treatment for her back and shoulder pain, Dr. Changaris reported that Ms. Jordan had attended a total of 32 therapy sessions "and responded well with her reported pain levels decreasing to 3/10 on February 5, 2004." He believed she had reached maximum medical improvement. He also stated she had "chronic pain syndrome" based on the fact that it had been more than six months from the accident. Tr. 302. The ALJ also pointed to the Veterans Administration Medical Center recommendations of conservative treatment for her moderate degenerative disc disease at C5-6. Ms. Jordan also reported a variety of daily activities, including shopping, driving, singing in a prison ministry, and regularly volunteering in the church office. Tr. 1108. With respect to her carpal tunnel complaints, the ALJ noted Ms. Jordan's own treating physician's opinion that she was capable of light duty work. Tr. 524.

Dr. Changaris referred Ms. Jordan for "assessment and treatment of emotional issues affecting daily functioning" as a result of the accident. See, e.g., Tr. 318, 338. She had psychotherapy sessions twice monthly, and took Zoloft and Seroquel for her depression and anxiety. The ALJ noted that despite the medication, she continued to complain of depressive symptoms and

was eventually awarded 100% disability from the Veterans Administration. Tr. 21. Nonetheless, these problems did not prevent her from attending school on a full time basis and completing a college degree in management in 2004. Tr. 1092.

The ALJ applied the appropriate factors in determining the weight to be given to plaintiff's testimony concerning her subjective symptoms. His analysis shows substantial evidence in support of his determination. Whether there also exists substantial evidence that might lead the undersigned or another fact-finder to the opposite conclusion is irrelevant. The Court finds no error in the credibility analysis.

Plaintiff next argues that the ALJ's decision was not supported by substantial evidence. The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

Nonetheless, in determining the existence of substantial evidence, we are not free to overlook an Administrative Law Judge's disregard of significant limitations. Ms. Jordan contends that in reaching his decision that she could perform her past work, the ALJ impermissibly minimized the significance of her psychological impairment, and also relied on State Agency physician assessments which had themselves recognized her inability to return to her past work (Tr. 38, 42, 47).

The Commissioner notes that Dr. Tsu-Min Tsai, who treated her for her carpal tunnel problems, released Ms. Jordan to return to light work (i.e., lifting a maximum of twenty pounds, with

4

frequent lifting limited to ten pounds or less). Tr. 526. These were the physical limitations in the hypothetical question posed to the Vocational Expert. Tr. 1124.

The psychological limitations incorporated in that hypothetical were drawn from the report of non-treating non-examining psychologist Dr. Thompson, who identified some moderate limitations. Tr. 243. It is, perhaps, unfortunate that Ms. Jordan was not able to point to specific psychological treatment records that support her claims; nonetheless, by her own admission, her 100% "unemployability" rating from Veterans Administration did not prevent her from completing a course of college study; the process of earning a degree in management would be inconsistent with significant psychological impairment.

While there may exist substantial evidence in support of a different decision, it is also true that the record includes substantial evidence in support of the ALJ's determinations. Accordingly, this Court is required to affirm the decision.